# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-1339 (CRC) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF JUSTICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, the U.S. Department of Justice ("DOJ" or the "Department"), the Attorney General of the United States, and the Archivist of the United States (collectively, "Defendants"), by and through undersigned counsel, respectfully submits this Answer to Plaintiff's Second Amended Complaint. Defendants first provide their affirmative defenses and then respond specifically to each numbered paragraph of the complaint by admitting, denying, and averring as described below.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or the Privacy Act ("PA"), 5 U.S.C. § 552a.

**THIRD DEFENSE**

The Court lacks subject matter jurisdiction over some or all of the claims alleged in the Amended Complaint.  Specifically, Plaintiff added a Federal Records Act claim under the Administrative Procedures Act (¶¶ 22-33, 38-57), thereby adding two additional defendants (the Attorney General and the Archivist), which is beyond the scope of the initial FOIA complaint.

**RESPONSES TO NUMBERED PARAGRAPHS[1]**

1. Paragraph 1 amounts to a characterization of the Complaint, to which no response is required.

2. Paragraph 2 amounts to a characterization of the Complaint and conclusions of law, to which no response is required.

3. Paragraph 3 amounts to a characterization of the Complaint, to which no response is required.

4. Paragraph 4 amounts to a characterization of the Complaint and conclusions of law, to which no response is required.

5. Paragraph 5 amounts to a characterization of the Complaint and conclusions of law, to which no response is required.

6. Paragraph 6 amounts to a characterization of the Complaint, to which no response is required.

7. Defendants admit that Plaintiff submitted a series of FOIA requests with the Department of Justice.  Defendants lack knowledge or information sufficient to form a belief about the truth of

---

[1] Plaintiff's Second Amended Complaint does not contain Paragraph 1 to 5 and instead begins with Paragraph 6.  *See* 2d Amd. Compl. (ECF No. 38-1).  For purposes of this Answer, Defendants assume that Plaintiff intended to restate the allegations set forth in Paragraph 1 to 5 of his First Amended Complaint (ECF No. 13).

the allegation that the Department was required to have collected and preserved records, documents, information, and data under the legal authorities provided by Plaintiff.

8. Defendants admit that Plaintiff submitted a FOIA request to the Office of Justice Programs ("OJP") by a letter dated May 5, 2017, that DOJ acknowledged Plaintiff's request on May 16, 2017, and that OJP assigned that request the tracking number 17-00209.

9. Defendants admit that DOJ provided a response to Plaintiff's FOIA request number 17-00209 on May 31, 2017. Defendants deny Plaintiff's characterization that this was an "initial response." The response completed request number 17-00209. Plaintiff appealed DOJ's response to the Department's Office of Information Policy ("OIP"), which affirmed DOJ's response and closed the Plaintiff's appeal on November 11, 2017. *See* OIP Appeal No. DOJ-AP-2017-006671. Defendants deny that DOJ's response did not contain any of the requested records. Defendants admit that, pursuant to 5 U.S.C. § 552(b)(6), redactions were made to documents provided to the Plaintiff in response to FOIA request number 17-00209.

10. Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, such as that it is "well documented" that the records Plaintiff requested were emails sent by agencies of the "National ICAC-TF Program." Defendants deny that DOJ's statement was "patently false."

11. Defendants deny that the "DOJ's Office of General Counsel" acknowledged Plaintiff's appeal on September 19, 2017 and assigned him a tracking number. Plaintiff was assigned a tracking number by OIP on that date. Defendants deny that "OGC denied the Plaintiff's administrative appeal." OIP affirmed OJP's action on Plaintiff's FOIA request on November 2, 2017.

12.     Defendants admit that Plaintiff filed a second FOIA request dated October 31, 2017, that DOJ acknowledged this request on November 8, 2017, and assigned it the tracking number 18-00059. Defendants further aver that part of Request Number 18-00059 was referred to the Department of Justice Criminal Division, not the United States Attorney's Office, on November 8, 2017, which assigned the Request Number CRM-300634425.

13.     Defendants deny that DOJ refused to provide any further responses to Plaintiff's requests following service of his lawsuit on December 7, 2017.  Plaintiff's first request, number 17-00209, had already been completed and affirmed on appeal by OIP.  Plaintiff was provided a letter from OJP dated February 2, 2018 (*i.e.*, after December 7, 2017), stating that request number 18-00059 was completed and that no responsive documents were found. Further, OJP referred relevant portions of his request to the Criminal Division of the Department.

14.     Defendants deny that DOJ failed to provide a timely response.

15.     Defendants deny that DOJ "refused to provide" the records Plaintiff requested.  Defendants admit that DOJ did not provide Plaintiff a Vaughn Index of redactions made to the records but deny that DOJ was required to do so.  Defendants further aver that the Criminal Division continues to process Request Number CRM-300634425 and has not yet issued a final response. The remaining allegations of paragraph 15 are denied.

16.     Defendants admit that OJP provided a response to Plaintiff's FOIA request dated May 7, 2018, and assigned it a tracking number 18-00288. Defendants deny that DOJ stated "there were no records" but rather stated that its program office stated it did not have records responsive to Plaintiff's request for "the MOUs."  OJP provided other documents responsive to Plaintiff's FOIA request number 18-00288, which were redacted according to the statutory FOIA exemptions.  Plaintiff appealed OJP's response to this request and his appeal is currently being processed.  The

other allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

17. Defendants admit that Plaintiff appealed OJP's response to FOIA request number 18-00288 in a letter dated August 8, 2018. OIP assigned this appeal the tracking number DOJ-AP-2018-007513. On September 26, 2018, OIP remanded this appeal to OJP for further processing of responsive records. Defendants deny that it failed to respond within the time allotted by 5 U.S.C. § 552(a)(6)(C).

18. Defendants admit that Plaintiff filed a FOIA request with OJP on January 10, 2018, that sought, among other things, financial information of the Internet Crimes Against Children Task Forces. Defendants deny that OGC assigned this request the tracking identifier OJP-AP-18-00136. OJP assigned this request the tracking number 18-00136 and provided the Plaintiff an interim response on April 11, 2018. Defendants deny that DOJ letter stated "additional response documents were located and would be sent 'upon complete [or processing].'" Rather, DOJ's letter stated that "[a]dditional documents are being processed and will be sent upon completion." Defendants admit that on June 29, 2018, DOJ provided a final response to Plaintiff's FOIA request number 18-00136. This final response included accounting codes requested by the Plaintiff. Defendants deny that DOJ "reversed" a previous statement.

19. Defendants admit Plaintiff appealed OJP's response to FOIA request number 18-00136. OIP assigned tracking number DOJ-AP-2018-007514 to his appeal. Defendants deny that a decision was "due on or before September 6, 2018." Defendants deny that DOJ failed to respond within a time period allotted by 5 U.S.C. § 552(a)(6)(C). On September 25, 2018, OIP affirmed OJP's response to Plaintiff's FOIA request number 18-00136 and determined that OJP's response was correct and that it conducted an adequate, reasonable search for responsive records.

20.     Defendants deny that Plaintiff filed eight FOIA requests with OJP between January 31, 2018, and June 10, 2018.  In addition to three FOIA requests filed on May 5, 2017, October 31, 2017, and January 10, 2018, respectively, Plaintiff filed six FOIA requests within the time period indicated by the Plaintiff and then an additional request on August 1, 2018.  Defendants admit that Plaintiff's numerous FOIA requests were categorized under "unusual circumstances" because Plaintiff sought records located in offices outside OJP's FOIA office.  Defendants deny that DOJ "failed to articulate any of the factors set forth in the statute to justify the alleged unusual circumstances."  The FOIA statute states that "unusual circumstances" means "the need to search for and collect the request records from field facilities or other establishments that are separate from the office processing the request."  *See* 5 U.S.C. § 552(a)(6)(B)(iii).  Plaintiff's letters to Plaintiff in response to his FOIA requests articulated that the Plaintiff had to search for records in offices separate from the office processing the request, which meets the statutory definition for "unusual circumstances."  Defendants deny that electing to designate a request as meeting the statutory definition of "unusual circumstances" is a practice "calculated to violate the statutes [and] thwart the intent of Congress."  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that DOJ was required to have collected and preserved records, documents, information, and data sought by Plaintiff in multiple FOIA requests.

21.     Defendants admit that Plaintiff submitted a FOIA request on May 1, 2018, to OJP on behalf of a fellow prison inmate who, like Plaintiff, was imprisoned on charges of possession and distribution of child pornography.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the criminal case against Sheldon Joel Ramnaraine was a "Federal Bureau of Investigation case."  Defendants admit that Ramnaraine's criminal case was prosecuted in the United States District Court of the Middle District of Florida.  Defendants lack

knowledge or information sufficient to form a belief about the truth of the statement that Plaintiff has Ramnaraine's case files and "statements from Seminole County[,] Florida[,] regarding the DOJ's possession of all records." Defendants admit that DOJ applied FOIA exemptions under 5 U.S.C. § 552(b)(7)(E) and (b)(7)(F) in denying Plaintiff's request for records relating to a fellow inmate who was also subject of a child pornography investigation. Defendants deny that Plaintiff appealed DOJ's denial of this request, which was assigned the tracking number 18-00260.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph since this paragraph applies to agencies not subject to this litigation.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph since this paragraph applies to agencies not subject to this litigation.

24. This paragraph contains characterization of a regulation that is not subject this litigation. The regulation itself is the best evidence of its content and refers the Court to the regulation for a full and accurate statement of its content. Deny.

25. This paragraph contains Plaintiff's conclusion of law to which no response is required.

26. This paragraph contains Plaintiff's conclusion of law to which no response is required.

27. This paragraph contains characterization of a regulation that is not subject this litigation and Plaintiff's conclusion of law to which no response is required.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph since this paragraph applies to agencies not subject to this litigation.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph since this paragraph applies to agencies not subject to this litigation.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph since this paragraph applies to agencies not subject to this litigation.

31.     This paragraph contains Plaintiff's conclusion of law to which no response is required.

32.     This paragraph contains Plaintiff's conclusion of law to which no response is required.

33.     This paragraph contains characterization of a regulation that is not subject this litigation and Plaintiff's conclusion of law to which no response is required.

34-36.  Paragraphs 34-36 consist of Plaintiff's characterization of FOIA, to which no response is required.

37.     This paragraph is Plaintiff's prayer for relief to which no response is required.

38.     In response to Paragraph 38, Defendant incorporates its responses set forth above.

39.     This paragraph contains characterization of a regulation that is not subject this litigation and Plaintiff's conclusion of law to which no response is required.

40.     This paragraph contains characterization of a regulation that is not subject this litigation and Plaintiff's conclusion of law to which no response is required.

41.     This paragraph contains characterization of a regulation that is not subject this litigation and Plaintiff's conclusion of law to which no response is required.

42.     This paragraph contains conclusion of law to which no response is required.

43.     This paragraph contains characterization of a regulation that is not subject this litigation and Plaintiff's conclusion of law to which no response is required.

44. This paragraph contains characterization of a regulation that is not subject this litigation and Plaintiff's conclusion of law to which no response is required.

45. This paragraph contains characterization of a regulation that is not subject this litigation and Plaintiff's conclusion of law to which no response is required.

46. This paragraph contains characterization of a regulation that is not subject this litigation and Plaintiff's conclusion of law to which no response is required.

47. This paragraph contains characterization of a regulation that is not subject this litigation and Plaintiff's conclusion of law to which no response is required.

48. This paragraph contains characterization of a regulation that is not subject this litigation and Plaintiff's conclusion of law to which no response is required.

49. This paragraph contains characterization of a regulation that is not subject this litigation and Plaintiff's conclusion of law to which no response is required.

50. This paragraph contains characterization of a regulation that is not subject this litigation and Plaintiff's conclusion of law to which no response is required.

51. In response to Paragraph 51, Defendant incorporates its responses set forth above.

52. This paragraph contains characterization of a regulation that is not subject this litigation and Plaintiff's conclusion of law to which no response is required.

53. This paragraph contains characterization of a regulation that is not subject this litigation and Plaintiff's conclusion of law to which no response is required.

54. This paragraph contains characterization of a regulation that is not subject this litigation and Plaintiff's conclusion of law to which no response is required.

55. This paragraph contains characterization of a regulation that is not subject this litigation and Plaintiff's conclusion of law to which no response is required.

56.     This paragraph contains characterization of a regulation that is not subject this litigation and Plaintiff's conclusion of law to which no response is required.

57.     This paragraph contains characterization of a regulation that is not subject this litigation and Plaintiff's conclusion of law to which no response is required.

58.     In response to paragraph 58, Defendants restate their responses set forth above.

59.     Deny.  In response to FOIA requests numbered 17-00209 and 18-00059, OJP produced records to the Plaintiff that contain case tracking reports and performance measure reports for the Internet Crimes Against Children task force program (referred to as sub-items 1 and 2 in Plaintiff's paragraph 59).  OJP applied redactions pursuant to FOIA exemptions to those records.  Records referenced as sub-items 3 and 4 in Plaintiff's paragraph 59 have been referred to the Criminal Division, where the requests are being processed under FOIA request number CRM-300634425.  Criminal Division, admits only that it is processing Request Number CRM-300634425 and has not yet issued a final response. Plaintiff appealed OJP's response to FOIA number 17-00209 and on November 2, 2017, OIP affirmed OJP's action on this request, stating that OJP properly withheld certain information because it is protected from disclosure under 5 U.S.C. § 552(b)(6) and that it is reasonable foreseeable that disclosure of such information would harm the interests protected by this provision.  *See* OIP Appeal No. DOJ-AP-2017-006671. Defendants deny the remaining allegations of paragraph 59.

60.     Deny.  OJP does not have documents responsive to his request for records regarding the "National ICAC-TF Program Case No. LC-10-12-141/11-17890."  OJP informed Plaintiff of this fact on May 31, 2017, in response to Plaintiff's FOIA request number 17-00209.

61.     Deny.  OJP does not collect SHA-1 values and does not have documents responsive to this request.

62. Deny. OJP produced records with excisions made pursuant to 5 U.S.C. § 552(b)(6).

63. Deny. OJP conducted a search in response to Plaintiff's FOIA request number 18-00059 and no document entitled the National ICAC-TF Program operations manual was located.

64. The Criminal Division, admits only that it is processing Request Number CRM-300634425 and has not yet issued a final response. Defendants deny the remaining allegations of paragraph 64.

65. The Criminal Division, admits only that it is processing Request Number CRM-300634425 and has not yet issued a final response. Defendants deny the remaining allegations of paragraph 65.

66. Deny. OJP conducted a search in response to Plaintiff's FOIA request number 18-00150 and no responsive records were located.

67. Deny. DOJ produced information in response to this request that was part of Plaintiff's FOIA request number 18-00136.

68. Deny. DOJ produced information in response to this request that was part of Plaintiff's FOIA request number 18-00136.

69. Deny. Plaintiff did not make this request in his numerous FOIA requests. Plaintiff made a similar request for this information as part of his FOIA request number 18-00136 but requested information regarding funds pursuant to the PROTECT Our Children Act. As OJP explained in its April 11, 2018, letter to the Plaintiff in response to FOIA request number 18-00136, OJP did not receive funds pursuant to the PROTECT Our Children Act from fiscal year 2008 through 2017.

70. OJP denies it unlawfully failed to disclose records under a FOIA request. The remainder of this sentence is a legal conclusion to which no response is required.

71. Deny.

72. Deny.

74. Deny.

75. Deny. The practice and policy of OJP's FOIA office complies 5 U.S.C. § 552(a)(6)(B).

76. Paragraph 76 consist of a legal conclusion and, thus, no response is required. To the extent a response is deemed required, Defendants deny the allegations.

77. Deny.

78. Paragraph 78 consist of a legal conclusion and, thus, no response is required. To the extent a response is deemed required, Defendants deny the allegations.

79. Paragraph 79 consist of a legal conclusion and, thus, no response is required. To the extent a response is deemed required, Defendants deny the allegations.

80. Paragraph 80 consist of a legal conclusion and, thus, no response is required. To the extent a response is deemed required, Defendants deny the allegations.

81. Paragraph 81 consist of a legal conclusion and, thus, no response is required. To the extent a response is deemed required, Defendants deny the allegations.

82. Paragraph 82 consist of a legal conclusion and, thus, no response is required. To the extent a response is deemed required, Defendants deny the allegations.

83. Paragraph 83 consist of a legal conclusion and, thus, no response is required. To the extent a response is deemed required, Defendants deny the allegations.

84. Paragraph 84 consist of a legal conclusion and, thus, no response is required. To the extent a response is deemed required, Defendants deny the allegations.

85. Paragraph 85 consist of a legal conclusion and, thus, no response is required. To the extent a response is deemed required, Defendants deny the allegations.

86.     Paragraph 86 consist of a legal conclusion and, thus, no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

87.     Paragraph 87 consist of a legal conclusion and, thus, no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

88.     Paragraph 88 consist of a legal conclusion and, thus, no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

**<u>Prayer for Relief</u>**

The remainder of the complaint sets forth Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the requested relief or to any relief in this action.

All allegations not specifically admitted herein are denied.


Dated: November 1, 2018         Respectfully submitted,

                                              JESSIE K. LIU, D.C. Bar No. 472845
                                              United States Attorney

                                              DANIEL F. VAN HORN, D.C. Bar No. 924092
                                              Chief, Civil Division


                                              _____/s/_____
                                              RHONDA L. CAMPBELL, D.C. Bar No. 462402
                                              Assistant United States Attorneys
                                              Civil Division
                                              555 4th Street, N.W.
                                              Washington, D.C. 20530
                                              (202) 252-2559
                                              Rhonda.campbell@usdoj.gov

                                              *Counsel for United States*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of November, 2018, the foregoing Amended Answer has been served by the postal service, postage pre-paid and addressed as follows:

JAMES PRICE
R98922-004
MIAMI
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 779800
MIAMI, FL 33177


 /s/ *Rhonda Campbell*
RHONDA CAMPBELL
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 252-2559