B"H

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

Case No. 1:18-CV-01339-CRC

JAMES PRICE,

    Plaintiff,

v.

UNITED STATES
DEPARTMENT OF JUSTICE,

    and

JEFF SESSIONS,

    and

DAVID S. FERRIERO,

    Defendants.

_____/



## PLAINTIFF'S NOTICE OF DEFENDANT'S CONCESSION TO AMENDMENT OF COMPLAINT, STATEMENT OF FACTS, AND PROPOSED ORDER

**COMES NOW**, James Price ("the Plaintiff"), and files this, his notice of the Defendants' concession to the amendment of the complaint, and a statement of the facts conceded. A proposed order is attached for this Court's convenience.

### I. CONCESSION TO AMENDMENT UNDER LCvR 7(b)

1. The District of Columbia's Local Rule ("LCvR") 7(b) states, "[w]ithin 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points

1

and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." See Rules of the U.S. District Court for the District of Columbia, Updated May 2018 at 28.

2.  On August 13, 2018, the Plaintiff filed a motion for an extension of time to file his motion for leave to amend the complaint and his second amended complaint. In the motion for an extension of time the Plaintiff clearly stated the specific basis for the amendment of the complaint was to add claims under Federal Records Act and add the Hon. Jeff Sessions and Hon. David S. Ferrier, limited to their official capacities, as defendants. See ECF No. 35 at 6:¶14.

3.  On August 21, 2018, this Court entered an Order directing the Defendants to "file either an opposition to the motion to file an amended complaint or an answer to the amended complaint within 30 days of the Plaintiff's motion." The Plaintiff's motion for leave to amend the complaint was the proposed Second Amended Complaint were entered at ECF No. 38 on October 3, 2018.

4.  In the Plaintiff's motion for leave to amend the complaint [ECF No. 38] the Plaintiff clearly stated:

> "This action seeks to amend: (1) a claim for relief under the Federal Records Act; and (2) a claim for relief from policy and practice violations. Additionally, the Attorney General and Archivist are amended as defendants to the complaint, limited to their official capacity as the agency heads."

ECF No. 38 at 2.

2

4. Moreover, the Plaintiff provided a detailed description of the proposed FRA claims and the necessity of adding the Attorney General and Archivist as the proper defendants under the FRA. Id. at 2-3:¶2-3. Notwithstanding the proposed amendment was authorized by this Court, Mr. Price clearly stated, "[the amended claims] were based on the actions of the Department of Justice ('DOJ') **during and in conjunction to** this litigation." Id. at 2:¶2 (emphasis added). Therein, the FRA claims and the addition of Defendant's Sessions and Ferriero comported with Fed. R. Civ. P. 15(c)(1)(B), where the the claims asserted in the Second Amended Complaint arose out of the conduct, transactions, or occurrences set forth in the previous complaint.

5. The Defendants were on notice of the nature of the proposed amendments to the complaint and were served a copy of the motion for leave to amend the complaint but **DID NOT** oppose the motion or its proposed amendments. This notice followed.

## II. STATEMENT OF FACTS CONCEDED

6. The Defendants made a tactical choice in their decision not to argue or oppose the **facts** in the Plaintiff's motion for leave to amend the complaint. In so doing, the Defendants "acknowledged" or "accepted"[1] the facts below, as set forth by the Plaintiff in the motion:

---

[1] Definition of "Condede", to acknowledge or accept something as true, Webster's Third New International Dictionary, 469 (3rd Ed. 1993).

3

a.  The Defendants **CONCEDED** that the district court had jurisdiction over the violations of the Federal Records Act (44 U.S.C. § 2901 et seq. and 44 U.S.C. § 3101 et seq.);

b.  The Defendants **CONCEDED** that venue was proper in District of Columbia;

c.  The Defendants **CONCEDED** amendment of Count 1, Count 2, Count 3, and Count 4 were proper and comported with Fed, R. Civ. P. 15(c)(1)(B) and arose out of the conduct, transactions, or occurrences set forth in the Amended Complaint;

d.  The Defendants **CONCEDED** that the Plaintiff could have brought the violations of the FRA in a separate action but that the amendment of the complaint was in the interests of justice and judicial ecomony.

7.  The Defendants were on full and fair notice of the consequesnces of their decision **NOT** to file a memorandum and points of authority in opposition to the Plaintiff's motion because LCvR 7(b) (and its materially identical predecessor, LCvR 108(b)) have been in force for nearly three (3) decades. See Graetz v. D.C. Public Schools, 1987 U.S. Dist LEXIS 12945, 1987 WL 8527, at *1 (D.D.C. March 3, 1987). A district court's local rules "have the force of law." See Hollingsworth v. Perry, 558 U.S. 183, 191, 130 S. Ct. 705, 175 L. Ed. 2d. 657 (2010) (quoting Weil v. Neary, 278 U.S. 160, 169, 49 S. Ct. 144, 73 L. Ed. 243 (1929)). The Defendants, like all lawyers and litigants, are "duty bound to comply with them [the local rules of the court]." See In re Jarvis, 53 F.3d 416, 422 (1st Cir. 1995).

## III. CONCLUSION

8.  The Defendants **CHOSE** not to oppose the motion for leave to amend the complaint. The Defendants were properly noticed of the responsive motion and made the conscious decision **NOT** to file a memorandum of points and authority in opposition to the motion or request an extension of time from this Court in a good faith effort to do so. Chronically missed deadlines were precisely what LCvR 7(b) was designed to prevent. See Shearill v. Peter N.G. Schwartz Mgmt. Co., 2017 U.S. Dist. LEXIS 130438 (August 16, 2017). The rule "is a docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining issues." See Texas v. United States, 789 F.3d 1108, 1113-1114 (D.C. Cir. 2015) (quoting Fox v. American Airlines, Inc., 389 F.3d 1291, 1294, 363 U.S. App. D.C. 459 (D.C. Cir. 2004)). Further, the circut court held, "judicious enforcement of the rule 'ensures... that litigants argue their cases on a **level playing field.**'" Id. at 1295 (emphasis added).

9.  In Texas, the circuit court explained, "that the rule applies not only to instances where a litigant **entirely fails to oppose a motion** but also where a part files an opposition that addresses only some of the arguments raised in the underlying motion" (internal quotations omitted) (emphasis added). The Defendants assiduously avoided addressing the issues of jurisdiction regarding the FRA violations or the addition of the Attorney General and Archivist as defendants. The Defendants could have filed a memorandum in opposition to this Court's jurisdiction to preserve the matter on appeal. Rules are rules, and basic fairness requires that they be applied evenhandedly to all litigants. Id. 789 F.3d at 1114.

10. Moreover, the D.C. Circuit has repeatedly held that a material failure to follow the rules in [the] district court can doom a party's case. See Geller v. Randi, 40 F.3d 1300, 1303-1304, 309 U.S. App. D.C. 269 (D.C. Cir. 1994) (holding "When Geller failed to respond, he conceded a violation of Rule 11 under the Local Rule 108(b) [LCvR 7(b)'s predecessor]." Local Rule 7(b) has received the same respect , "[A]s we have often observed, '[w]here the district court relies on the absence of a response as a basis for treated the motion as conceded, we **honor enforcement of the rule.**'" Fox, 389 F.3d at 1295 (quoting Twelve John Does v. District of Columbia, 117 F.3d 571, 577, 326 U.S. App. D.C. 17 (D.C. Cir. 1997) (emphasis added)).

11. In the context of non-dispotive motions, the precedent of this circuit has affirmed district court decisions that treated as conceded an issue left entirely unaddressed by the opposing party in a timely filed response. See Wash. Alliance of Tech. Workers v. United States Dep't of Homeland Sec., 2018 U.S. Dist. LEXIS 15472 (February 20, 2018) (quoting Texas, F.3d 1108 at 1113-1114); see also Linchpins of Liberty v. United States, 71 F. Supp. 3d 324 (D.D.C. October 23, 2014) at n. 16, where the court held, "Because the plaintiffs have not responded to this argument, the Court will treat it as conceded."; Lewis v. District of Columbia, 2011 U.S. App. LEXIS 2157 (D.C. Cir. 2011) (per curiam) ("It is well understood in this circuit that... a court may treat those arguments that the plaintiff failed to address as conceded." (quoting Hopkins v. Women's Div., Gen. Bd. of Global Ministries, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), aff'd, 98 F. Appx. 8 (D.C. Cir. 2004)); NAACP v. Trump, 2018 U.S. Dist. LEXIS 68589 (April 24, 2018) at n. 24, where the court stated, "The government did not oppose the motion, so the Court will treat is as conceded and **GRANT** it" (emphasis added).

6

**WHEREFORE,** in view of the foregoing arguments and points of authority, the Plaintiff respectfully moves this Court for entry of an Order as stipulated in the attached in the proposed order.

                                                Respectfully Submitted,

                                                _____
                                                James Price
                                                Plaintiff
                                                USM No. 98922004
                                                Federal Correctional Institution
                                                P.O. Box 779800
                                                Miami, Florida 33177-9800
                                                Tel.: 305-259-2150/2268
                                                Email: PriceJamesE@Outlook.com

B"H

## CERTIFICATE OF SERVICE

Price v. United States Dep't of Justice

Case No. 1:18-CV-01339-CRC

I, James Price, hereby declare that on this date, November 9, 2018, have served the enclosed:

**PLAINTIFF'S NOTICE OF DEFENDANT'S CONCESSION TO AMENDMENT OF COMPLAINT, STATEMENT OF FACTS, AND PROPOSED ORDER**

**PLAINTIFF'S MOTION TO COMPEL JURISDICTIONAL DISCOVERY REGARDING COUNT 1, COUNT 2, AND COUNT 4 (FEDERAL RECORDS ACT)**

**PLAINTIFF'S MOTION FOR TELEPHONIC STATUS CONFERENCE**

**PROPOSED ORDER**

pursuant to the "Mailbox Rule" for incarcerated persons with the Clerk of Court. All parties noticed for service are served pursuant to D.D.C. LCvR 5.4(b-d).

I hereby declare that under the penalty of perjury, and pursuant to Title 28 U.S.C. § 1746, the foregoing is true and correct.

Executed on November 8, 2018.

By: _____
James Price
USM No. 98922004

