B"H

## UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Case No. 1:18-CV-01339-CRC

JAMES PRICE,

    Plaintiff,

v.

UNITED STATES
DEPARTMENT OF JUSTICE,

    and

JEFF SESSIONS,[1]

    and

DAVID S. FERRIERO,

    Defendants.

_____/

**RECEIVED**

**NOV 1 3 2018**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia



## PLAINTIFF'S MOTION TO COMPEL JURISDICTIONAL DISCOVERY REGARDING COUNT 1, COUNT 2, AND COUNT 4 (FEDERAL RECORDS ACT)

**COMES NOW,** James Price ("the Plaintiff"), and files this, his motion to compel the Defendants to produce jurisdictional discovery materials related to Count 1, Count 2, and Count 4 of the Second Amended Complaint [ECF No. 38]. A proposed order is attached for this Court's convenience.

---

[1] On November 7, 2018, Jeff Sessions resigned as Attorney General of the United States. The Plaintiff notifies this Court herein, upon nomination of a successor by the President, and confirmation by the Senate, the Plaintiff will move to amend the complaint to substitute the appropriate party.

1

## I. STANDARD OF REVIEW FOR JURISDICTIONAL DISCOVERY

1. District courts have "broad discretion to allow or disallow jurisdictional discovery [when] sought." See In re Fort Trotten Metrorail Cases, 756 F. Supp. 2d 132, 135 (D.D.C. 2010) Although such discovery "is generally to be 'freely permitted,'" it is "justified only if the plaintiff reasonalby 'demonstrates' that it can supplement its jurisdictional allegations through discovery." See Duarte v. Nolan, et al., 190 F. Supp. 3d 8, 15 (D.D.C. May 17, 2017) (quoting Urban Inst. v. FINCON Servs., 681 F. Supp. 2d 41, 48 (D.D.C. 2010); see also Exponential Biotherapies, Inc. v. Houthoff Buruma N.V., 638 F. Supp. 2d 1, 11 (D.D.C. 2009).

2. Accordingly, a party seeking jurisdictional discovery "must include some facts about what additional discovery could produce." See App Dynamic ehf v. Vignisson, 87 F. Supp. 3d 322, 329 (D.D.C. 2015) (quoting Shaheen v. Smith, 994 F. Supp. 2d 77, 89 (D.D.C. 2013) In simple terms, "mere conjecture or speculation" is insufficient to support jurisdictional discovery." See FC Inv. Grp. v. IFX Mkts., LTD, 529 F.3d 1087, 1094 (D.C. Cir. 2007).

## II. DEFENDANTS CHALLENGE SUBJECT MATTER JURISDICTION

3. The Defendants have challenged this Court's subject matter jurisdiction to hear the claims in Count 1, Count 2, and Count 4 of the Second Amended Complaint. The Defendants' claim[2] is nothing more than a

---

[2] As of the date of this pleading, the Defendants **HAVE NOT** served a copy of their Answer on the Plaintiff.

bald assertion unsupported by any citations to circuit precedent or rules. See Defendants' Third Affirmative Defense, ECF No. 39 at 1. The extent to which the Defendants' appear to claim the counts charging violations of the Federal Records Act ("FRA") were "beyond the scope" of this Court's leave to amend the complaint or Fed. R. Civ. P. 15(c)(1)(B) was equally unsupported. The Plaintiff's motion for leave specifically stated the FRA counts arose out of the conduct, transactions, or occurrences set forth in the Amended Complaint [ECF No. 13].

4. The Defendants **DID NOT** oppose the motion for leave to amend the complaint, thus the Defendants **CONCEDED** any jurisdictional challenges. See Perkins v. D.C. Dep't of Pub. Works, 1991 U.S. Dist. LEXIS 17216 (D.D.C. November 26, 1991).

5. Stated another way, the Freedom of Information Act ("FOIA") violations in Count 3 would not have occured **but for** the violations of the FRA in Count 1, Count 2, and Count 4. The Plaintiff asserts this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, § 1346, § 1367, and 5 U.S.C. § 706. The Defendants have offered no arguments to defeat this Court's orginal jurisdiction.

### III. STATEMENT OF POINTS AND AUTHORITIES

6. It is well established that the "district court has broad discretion in its resolution of discovery problems." See FC Inv. Grp., 529 F.3d at 1093-1094 (quoting Naartex Consulting Corp. v. Watt, 232 U.S. App. D.C. 293, 722 F. Supp. F.2d 799, 788 (D.C. Cir. 1983)). In order to engage in jurisdictional discovery the plaintiff "must have at least a good faith belief

3

that such discovery will enable it to show the court has jurisdiction." See Caribbean Broad. Sys. LTD. v. Cable & Wireless PLC, 331 U.S. App. D.C. 226, 148 F.3d 1080, 1090 (D.C. Cir. 1998). Any such request for jurisdictional discovery must be based on more than mere conjecture or speculation. See Bastin v. Fannie Mae, 323 U.S. App. D.C. 44, 104 F.3d 1392, 1396 (D.C. Cir. 1997).

7. The Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" See Fed. R. Civ. P. 26(b)(1). If a party objects to the disclosure of certain documents, the requesting party may move to **compel** disclosure of the withheld material. See Fed. R. Civ. P. 37(a) (emphasis added). The moving party "'bears the initial burden of explaining how the requested information is relevant' before the burden shifts to the non-moving party to 'explain why discovery should not be permitted.'" See Smith et al. v. Ergo Solutions, LLC, 2017 U.S. Dist. LEXIS 94337 (D.D.C. June 20, 2017) (quoting The Navajo Nation v. Peabody Holding Co., 255 F.R.D. 37, 46 (D.D.C. 2009)).

8. In this matter, the Plaintiff moves this Court to compel the Defendants to produce the following materials relevant to this Court's jurisdiction over the violations of the Federal Records Act (44 U.S.C. § 2901 et seq. and 44 U.S.C. § 3101 et seq.):

    a. All records, documents, memorandums, policy statements, regulations, operational guidelines, or instructions regarding or related to the Defendants' assessments, compliance, or implementation of the FRA;

b. All communications, including but not limited to emails, between the Defendants, employees, agents, affiliates, or contractors, regarding or related to the creation, collection, maintenance or other dispositon of records subject to the FRA;

c. All records, documents, memorandums, and communications regarding or related to the use of any Software-as-a-Service ("SaaS" or "software") in conjunction to the National ICAC-TF Program and or the FRA;

d. All records, documents, memorandums, emails, or other communications authorizing, regarding, or related to the use of non-government owned SaaS or other software, including but not limited to the Child Protection System ("CPS") or any substantially similar software, service, or component thereof provided by the Child Rescue Coalition ("CRC"), TLO, LLC or other non-government organizations ("NGOs");

e. All records, documents, memorandums, reports, and communications regarding or related to the Presidential Memorandum of November 28, 2011. See 76 Fed. Reg. 75423.

9. The Plaintiff asserts these discoverable items are material to this Court's jurisdiction over the Defendants' violations of the FRA as alleged in Count 1, Count 2, and Count 4 of the Second Amended Complaint. Further, the Plaintiff asserts these discoverable materials will demonstrate the Defendants': (1) knowledge of the FRA; (2) their responsibilities under the FRA; and (3) the charged conduct was in willful violation of the statutes. When an agency of the federal government acts in violation of federal law, the district court has subject matter jurisdiction. See 28 U.S.C. § 1331. Moreover, the Defendants concession of the motion for leave to amend the complaint, effected a concession of the jurisdictional matter now before this Court.

5

## IV. NOTICE OF PRE-FILING CONFERENCE

10. Pursuant to LCvR 7(m) and Fed. R. Civ. P. 37(a)(1) the Plaintiff certifies that he attempted to confer and reach an agreement on the production of discoverable materials with counsel for the Defendants via email. Counsel for the Defendants declined any response to the Plaintiff. See United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc., 235 F.R.D. 521, 529 (D.D.C. 2006); see also Dist. Hosp. Partners, L.P. v. Sebelius, 971 F. Supp. 2d 15, 21 (D.D.C. 2013); Fed. R. Civ. P. 37(a)(1), "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

## V. REQUEST FOR ORAL HEARING

11. The Plaintiff requests this Court set a hearing in this matter for oral arguments. The Plaintiff asserts that a hearing in this matter would be beneficial and enhance this Court's decision-making process. Oral arguments on this motion would facilitate an accurate analysis of the complex legal issues of this case. The Plaintiff estimates thirty (30) minutes would be sufficient should this Court deem oral arguments to be beneficial to the just and proper resolution of this matter.

## VI. CONCLUSION

12. The Defendants conceded this Court's jurisdiction in their tactical decision to forego any opposition to the motion for leave to amend the complaint. The decisions made by a party in the course of a proceeding must necessarily have consequences.[3] The Defendants' unsupported after-the-fact challenge to this Court's subject matter jurisdiction, equated to little more than sour grapes over a poorly executed litigation strategy. The Defendants' "out of scope" argument was an equally duplicitous juxtaposition of a scope argument veiled as a post-hoc jurisdictional challenge. Both legs of the Defendants' argument fall flat in view of facts of the case, the rules of this Court, and the precedent of this circuit.

13. The Defendants have consistently refused to produce the documents and records of this case or communicate in good faith with the Plaintiff. The Defendants have engaged in a pattern of non-responsive conduct throughout the ligitation of this matter. When directed by this Court to respond, the Defendants offered only vague responses e.g., "[d]efendants lack knowledge or information sufficient to form a belief about the truth...". In fact, the Defendants were **ordered by the President of the United States** to conduct thorough program reviews to identify, and report to the agency head and the

---

[3] The Defendants could have filed a memorandum and points of authority in opposition to the Plaintiff's motion for leave to amend the complaint challenging subject matter jurisdiction, and preserving the issue for appeal. Instead, the Defendants chose to **concede** jurisdiction by failing to file a response to the Plaintiff's motion. See Local Rule 7(b).

Archivist (NARA) programs that were not in compliance with the FRA. See Pres. Mem., 76 Fed. Reg. 75423 at § 2 states:

> "(a) The head of each agency shall: (i) ensure that the successful implementation of records management in law, regulation, and this memorandum is a priority for senior agency management... (iii) designate in writing to the Archivist of the United States, a senior agency official to supervise the review required by subsection (b) of this section, in coordination with the agency's Records Officer, Chief Information Officer, and General Counsel.
>
> (b) Within 120 days of the date of this memorandum, each agency head shall submit a report to the Archivist and the Director of the Office of Management and Budget (OMB) that: (i) describes the agency's current plans for improving or maintaining its records management program, **particularly with respect to managing electronic records, including email, and social media, deploying cloud-based services or storage solutions, and meeting other records challenges...**".

The Defendants now brazenly claim that they lack the knowledge or information necessary to respond to the claims despite a Presidential directive to the contrary.

14. The Plaintiff urges this Court to take notice that the Defendants' claims and statements in this case were: (1) false; (2) known to be false when offered to this Court; and (3) made with the express intent to mislead this Court as to the facts. The Defendants' statements were not merely disingenuous, they were patently false. It is more egregious that the agency charged with the enforcement of the laws of this nation made a conscious decision to violate the law, while operating under the firmly held belief they

could do so with impunity. The Defendants conduct in the willful violation of the statutes demonstrated a collectivist ethic where the Defendants sua sponte, redefined the criterion to whom the law was to be applied.[4]

**WHEREFORE,** in view of the foregoing statement of points and authorities, the Plaintiff respectfully moves this Court for entry of an Order to compel production of the aforementioned materials for jurisdictional discovery.

Respectfully Submitted,

_____
James Price
Plaintiff
USM No. 98922004
Federal Correctional Institution
P.O. Box 779800
Miami, Florida 33177-9800
Tel.: 305-259-2150/2268
Email: PriceJamesE@Outlook.com

---

[4] "The principal that the end justifies the means is, in individualist ethics, regarded as the denial of all morals. In collectivist ethics it becomes necessarily the supreme rule; there is literally nothing which the consistent collectivist must not be prepared to do if it serves "the good of the whole," because the "good of the while" is to him the only criterion of what ought to be done. The raison d'etat, in which collectivist ethics has found its most explicit formulation, knows no other limit than that set by expediency—the suitability of the particular act for the end in view.", The Road to Serfdom, Friedrich Hayek.