

B"H

### UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

### Case No. 1:18-CV-01339-CRC

JAMES PRICE,

    Plaintiff,

v.

UNITED STATES
DEPARTMENT OF JUSTICE,

    and

JEFFERSON B. SESSIONS III,[1]

    and

DAVID S. FERRIERO,

    Defendants.

_____/

RECEIVED
Mail Room

DEC 3 1 2018

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## PLAINTIFF'S NOTICE OF CONFLICT OF INTEREST, AND
## MOTION FOR SUBSTITUTION OF COUNSEL FOR DEFENDANTS

**COMES NOW,** James Price ("the Plaintiff"), and files this, his notice of conflict of interest, and motion for substitution of counsel for Defendants. The Plaintiff notifies this Court, as discussed below, that Counsel for Defendant, Department of Justice ("DOJ"), Ms. Rhonda Lisa Campbell, has a conflict of interest with Defendants, the Hon. Jefferson B. Sessions III and the Hon. David S. Ferriero. The Plaintiff respectfully moves this Court for entry of an Order directing the substitution of counsel for Defendants Sessions and Ferriero. A proposed order is attached for this Court's convenience.

_____

[1] On November 7, 2018, Jefferson B. Sessions III, resigned as Attorney General of the United States. The Plaintiff notified the Defendants and this Court [ECF No. 43] that upon nomination of a successor by the President, and

## I. NOTICE OF CONFLICT OF INTEREST

1.    The Defendants in this case have clearly divergent interests and non-discretionary duties as defined by the statues [44 U.S.C. § 2901 et seq., 44 U.S.C § 3101 et seq.] and regulations [36 C.F.R. § 1222 et seq., 36 C.F.R. § 1230 et seq.] in this matter.

2.    Counsel for Defendant DOJ, Ms. Campbell, entered appearance on June 15, 2018 [ECF No. 30], before the action was amended.  As counsel for Defendant DOJ, Ms. Campbell has **privileged knowledge and information** regarding the DOJ's knowing and willful violations of the statutes and regulations in this matter.

3.    The conflict of interest inherent Ms. Campbell's represention of three (3) defendants with divergent interests is plain, infra.  In simple terms, Ms. Campbell cannot ethically represent the Defendants charged to **investigate, prosecute, and enforce** violations of the statutes, i.e., the Archivist and the Attorney General ("AG") **AND** simultaneously represent the **target of the investigation, prosecution, and enforcement**, i.e., the DOJ. The American Bar Association rules prohibit an attorney from simultaneous representation of opposing parties in a dispute.

---

[1]    confirmation by the Senate, the Plaintiff will move to amend the complaint to substitute the appropriate party.

## II.   MOTION FOR SUBTITUTION OF COUNSEL FOR DEFENDANTS

4.   The Plaintiff respectfully moves this Court for entry of an Order
directing the substitution of counsel for Defendants Sessions and Ferriero in
this matter.  For the reasons discussed below, the Defendants' representation
by Ms. Campbell is a conflict of interest.

### A.  STATEMENT OF POINTS AND AUTHORITIES

5.   The Defendants in this matter represent three (3) entities
delineated by Congress in the Federal Records Act ("FRA").  First, the
Archivist, Mr. Ferriero, has specific, non-discretionary duties under the
statutes including, initiating legal action against recalcitrant[2] agencies in
violation of the statutes through the AG to recover unlawfully removed or
alienated federal records, and to notify Congress of such actions.  See 44
U.S.C. §§ 2901(a) and § 3106.

6.   Second, the AG, as the head of a federal agency, has the non-
discretionary duty to notify the Archivist of the removal or alienation of
federal records from HIS agency, to use his law enforcement capacity to
investigate and enforce the statutes, and to "establish and maintain an active,
continuing program for the economical and efficient management of the records
of the agency" and to "prevent the removal of records from the legal
custody" of his agency.  See 44 U.S.C. § 3102 and 36 C.F.R. §§
1224.24(a)(6), § 1230.3(b), and § 1230.10(a).

---

[2]   Definition of "recalcitrant", to be stubbornly disobedient; Synonyms,
willful, ungovernable, Webster's Third New World International Dictionary, 601
(3rd Ed. 1993).

7.    Third,  the  DOJ  as  a  federal  agency—albeit  one  headed  by  the Attorney  General—IS  subject  to  the  FRA.    Where  the  DOJ  knowingly  and willfully  violated  the  FRA,  it  is  subject  to  investigation  and  prosecution  by the  other  Defendants,  i.e.,  the  Archivist  through  the  AG,  the  same  as  any other  federal  agency.

8.    As  counsel  for  the  Defendant  DOJ,  Ms.  Campbell's  loyalty  can—and must  be—to  only  **one**  client  in  this  proceeding.    Therefore,  Ms.  Campbell cannot  ethically  represent  the  Archivist  who  is  **statutorily  required**  to  initiate legal  action  **against**  the  Defendant  DOJ,  Ms.  Campbell's  existing  client, through  the  AG—Ms.  Campbell's  third  purported  client—in  the  same  action. Ms.  Campbell  has  placed  herself  in  a  conflict  of  interest  in  this  matter  by purporting  to  represent  two  clients  who  are  required  to  investigate  and prosecute  her  third  client  in  the  same  proceeding.    Ms.  Campbell  was  aware of  the  conflict  of  interest  upon  service  of  the  Plaintiff's  Motion  for  Leave  to Amend  Complaint  [ECF  No.  38]  and  this  Court's  Order  **GRANTING**  that motion.

9.    Ms.  Campbell  cannot  ethically  call  witnesses  from  one  client  at  the expense  of  another  client,  nor  can  she  cross-examine  a  witness  from  one client  armed  with  knowledge  under  privilege  from  another  client.    Neither  can Ms.  Campbell  ethically  offer  "Admissions"  or  respond  to  "Interrogatories"  to the  benefit  of  one  client,  at  the  expense  of  another  client.    The  conflict resulting  from  Ms.  Campbell's  simultaneous  representation  of  multiple defendants  with  divergent  interests  and  statutory  obligations  jeopardizes  the integrity  this  proceeding,  and  could  constitute  an  issue  on  appeal.    Put differently,  Ms.  Campbell  can  either  zealously  advocate  with  candor  on  behalf of  **one**  defendant  or  effectively  betray  the  interests  of  **all**  three  defendants  in this  matter.

## B. REQUEST FOR ORAL HEARING

10.  The Plaintiff requests this Court set a **telephonic** hearing in this matter for oral arguments.  The Plaintiff asserts that a hearing in this matter would be beneficial and enhance this Court's decision-making process.  Oral arguments on this motion would facilitate an accurate analysis of the complex legal issues of this case.  The Plaintiff estimates twenty (20) minutes would be sufficient should this Court deem oral arguments to be beneficial to the just and proper resolution of this matter.

## C. NOTICE OF PRE-FILING CONFERENCE

11. Pursuant to LCvR 7(m) the Plaintiff certifies that he attempted to confer with counsel for the Defendants, Ms. Rhonda L. Campbell, via email (rhonda.campbell@usdoj.gov).   Ms.   Campbell declined the courtesy of a response to the Plaintiff.

## III.  CONCLUSION

12.  The  Defendants  in  this  case  are  entitled  to  representation unburdened  by  conflict.   The  ABA  established  rules  of  ethical  conduct  to prevent  the  very  type  of  ethical  conflict  that  has  arisen  in  this  case.   These rules  and  their  companion  rules  from  the  District  of  Columbia  Bar  Association, require  all  attorneys  to  avoid  not  only  actual  conflicts  but  also  the  mere appearance  of  conflict.   These  rules  apply  equally  to  attorneys  for  the  United States.

13.  The attorneys in the Civil Division of the Department of Justice were faced with the decision to act either with **candor** before this Court or **fidelity** to their clients.  Their decision to labor under conflict is inconsistent with the rules of this Court, the American Bar Association, and calls into question the integrity of the Department of Justice.  If attorneys for the Department of Justice fail to act ethically when representing the agency [the DOJ itself] in this matter, it challenges the expectations of citizens that they will act ethically in any matter.  See <u>Texas, et al. v. United States, et al.</u>, 2016 U.S. Dist. LEXIS 79546 (S.D. Tx May 19, 2016) where the court held the attorneys from the DOJ's Civil Division in Washington, D.C.—the same office representing the Defendants in this case—had engaged in "[a] serious" and "calculated plan of unethical conduct" while representing the defendant federal agencies.

14.  The court found that the DOJ attorneys' egregious misconduct was so sever as to warrant **REVOCATION** of their pro hac vice status in **twenty-six (26) states**.  See also, <u>In re United States</u>, 817 F.3d 953, 2016 WL 1105077, at *11 (6th Cir. 2016) where the circuit court questioned "whether or not the Department of Justice is doing justice."; <u>United States v. Theodore F. Stevens</u>, D.D.C. Case No. 1:080CR-00231-EGS (2009), Hearing Tr., April 7, 2009, where the court ordered, "[T]he court shall commence criminal **contempt** proceedings against the original prosecution team... [U.S. Attorneys from the same Washington, D.C. U.S. Attorney's office as in this case] based on failure to comply with the court's numerous orders and potential obstruction of justice."

**WHEREFORE,** in view of the foregoing statement of points and authorities, the Plaintiff respectfully moves this Court for entry of an Order to direct the substitution of conflict free counsel for Defendants Sessions and Ferriero in this matter.

Respectfully Submitted,

James Price
Plaintiff
USM No. 98922004
Federal Correctional Institution
P.O. Box 779800
Miami, Florida 33177-9800
Tel: 305-259-2150/2268
Email: PriceJamesE@Outlook.com

7

B"H

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

### Case No. 1:18-CV-01339-CRC

JAMES PRICE,

     Plaintiff,

v.

UNITED STATES
DEPARTMENT OF JUSTICE,

     and

JEFFERSON B. SESSIONS III,

     and

DAVID S. FERRIERO,

     Defendants.

_____/

### ORDER

THIS MATTER is before the Court on the Plaintiff's notice of conflict of interest, and motion for substitution of counsel for the defendants. The Court has reviewed the Plaintiff's notice, motion, and in consideration of this Court's previous Order adopting the amended complaint as the active complaint in this action, it is hereby,

**ORDERED** that the Plaintiff's motion for substitution of defense counsel is **GRANTED**; it is further,

**ORDERED** that Defendants the Hon. Jefferson B. Sessions and David S. Ferriero shall enter appearance of substitute counsel without delay.

**DONE AND ORDERED**, in Chambers, Washington, D.C., this ___ day of January 2019.

_____
CHRISTOPHER R. COOPER
UNITED STATES DISTRICT JUDGE

B"H

## CERTIFICATE OF SERVICE

**Price v. U.S. Dep't of Justice, et al.**

**Case No. 1:18–CV–01339–CRC**

I, James Price, hereby declare that on this date, December 26, 2018, have served the enclosed:

### PLAINTIFF'S NOTICE OF CONFLICT OF INTEREST, AND MOTION FOR SUBSTITUTION OF COUNSEL FOR DEFENDANTS

### PROPOSED ORDER

pursuant to the "Mailbox Rule" for incarcerated persons with the Clerk of Court. All parties noticed for service are served pursuant to D.D.C. LCvR 5.4(b–d).

I hereby declare that under the penalty of perjury, and pursuant to Title 28 U.S.C. § 1746, the foregoing is true and correct.

Executed on December 25, 2018.

By: _____
       James Price
       USM No. 98922004

