B"H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No. 1:18-CV-01339-CRC

JAMES PRICE,

    Plaintiff,

v.

UNITED STATES
DEPARTMENT OF JUSTICE,

    and

WILLIAM P. BARR,

    and

DAVID S. FERRIERO,

    Defendants.
_____/

**RECEIVED**
JUL 1 0 2019
Clerk, U.S. District and
Bankruptcy Courts

## PLAINTIFF'S STATUS REPORT

**COMES NOW,** James Price ("the Plaintiff") and files this, his Status Report following the Court's Memorandum Opinion and Orders dated June 19, 2019.

### I. MOTIONS FOR RECONSIDERATION

1. The Plaintiff has not yet been served a copy of this Court's June 19, 2019, Memorandum Opinion and the accompanying Order. Nonetheless, the Plaintiff received a synopsis on the contents of the opinion and orders from a third-party sufficient to identify two (2)

1



specific matters upon which he will seek reconsideration.

## A.   RECONSIDERATION OF INTERROGATORIES

2.   First, Mr. Price will seek this Court's reconsideration of the Denial of his Motion to Compel the Defendants' Response to the Interrogatories [ECF No. 55]. The discovery matter is particularly relevant in light of this Court's criticism of the evidence presented in support of the TRO. Specifically, this Court held the evidence to be insufficient to demonstrate the Defendant DOJ's information and records management policies were inadequate. The Interrogatories Price requested dealt with **these exact issues**. Thus, this Court's denial of discovery on the Federal Records Act ("FRA") counts, effectively limited Price's ability to present the very evidence of the Defendants' inadequate recordkeeping guidelines and directives and violations of the FRA, for which this Court then criticized Price for not providing.

3.   Moreover, but for Price being in the custody of the Defendant DOJ, the parties would have "met and conferred" and the Defendants would have been **required** to turn over early discovery. In simple terms, Mr. Price argues this Court should ensure a "level playing field" between the parties regarding the exchange of information as provided under Fed. R. Civ. P. 26.

4. The Plaintiff dissents from this Court's assessment of the Defendants' litigation strategy as struthious. The Defendants' strategy of refusing to engage in substantive discussions of the issues, and their failure to disclose the non-privileged policy documents Mr. Price requested, was rooted in their knowledge of how difficult it would be for the Plaintiff to obtain such documents from prison. The DOJ denied Mr. Price supervised access to the Internet despite clear statutory authorization [P.L. 105-314, Title VIII, § 801, 112 Stat. 2990] to do so, and simultaneously refused to turn over documents that are otherwise available [over the Internet] to the public. Put another way, by refusing to discuss or disclose the relevant documents, the Defendants could tip the scale of justice through subtle interference with the Plaintiff's ability to effectively prosecute this action.

5. The Plaintiff has specific knowledge of the documents and policy statements needed to reach the threshold set by this Court in its Memorandum Opinion. However, in practical terms, it has proven to be a monumental and time intensive task for Mr. Price to physically acquire said documents without this Court's intervention.

6. Stated another way, the Defendants are fully aware of the DOJ's numerous policies, including multiple memorandums designating division level Chief Information Officers ("CIOs") specifically tasked with ensuring compliance with the DOJ's Information and Records Management policies. Those CIOs are responsible for ensuring proper FISMA certification and compliance for all software and systems used by the agency. The Defendants are also aware those guidelines and

directives **are inadequate** where: (1) they fail to establish standards for employee access to contract(or) data; (2) the policies do not set or establish record retention policies for contract systems; (3) the policies fail to require FISMA compliance and submission through FedRAMP of contract systems.

7. Thus, the Defendants' litigation strategy is less about struithiousness or wishful thinking. The Defendants' conduct is little more than a deliberate attempt to manipulate this Court, and its rules regarding pro se litigants, to be complicit in a strategy to turn good faith public policy litigation on its ear, acta exteriora indicant interiora secreta.

8. If Mr. Price had shown less consideration for this Court and its resources, he could have filed the FRA matter as a separate cause of action. Therein, the non-privileged information that Mr. Price properly—and timely—requested as discovery under the rules [Fed. R. Civ. P. 26-37] would have been **automatic**.

B.  **RECONSIDERATION OF TRO**

9. Second, the Plaintiff seeks this Court's reconsideration of its legal conclusions regarding the duties of the Attorney General and Archivist, and the requirement(s) that may trigger those responsibilities under the statutes. As an element of reconsideration, Price will provide new evidence, not previously available of the FRA violations in addition to a "**voluntary admission**" by the Defendants as a

16. The Plaintiff opines that these, and many of this Court's other unanswered questions could have—and should have—been addressed by the parties **in a hearing** on this matter. Although Mr. Price is in the custody of the Department of Justice, he **IS** available to appear at this Court's convenience and even more so for ad hoc **telephonic conferences**. The Plaintiff stands ready for oral arguments in stark contrast to the Defendants' reticence to enter into any substantive discussions in this case. While this Court may be reluctant to have a novice but intrepid litigant argue against the seasoned professional counselors of the Department of Justice in open court, the Plaintiff has no such qualms.

### III. MOTION FOR PARTIAL SUMMARY JUDGMENT

17. The Plaintiff accepts this Court's cue to bifurcate the litigation of the FOIA and FRA counts. Upon his filing of the motions for reconsideration under the "Mailbox rule", Mr. Price will draft and file his Motion for Partial Summary Judgment on the FOIA count. The Defendants have already offered the Declaration of Monica Potter-Johnson regarding the agency's search [ECF No. 59-1]. During the intervening litigation of the TRO, the DOJ's Criminal Division produced some of requested records. Notably **absent** from the Criminal Division's response were the **decryption records** subject to the Classified Information Procedures Act, wherein the Defendants withheld 147 pages under that request.

8

Respectfully Submitted,

_____
James Price
Plaintiff
USM No. 98922004
Federal Correctional Institution
P.O. Box 779800
Miami, Florida 33177-9800
Tel.: 305-259-2150/2268
Fax: 305-259-2383
Email: PriceJamesE@Outlook.com

B"H

## CERTIFICATE OF SERVICE

Price v. U.S. Dep't. of Justice, et al.

Case No. 1:18-CV-01339-CRC

I, James Price, hereby declare that on this date, July 5, 2019, have served the enclosed:

### PLAINTIFF'S STATUS REPORT

pursuant to the "Mailbox Rule" for incarcerated persons with the Clerk of Court. All parties noticed for service are served pursuant to D.D.C. LCvR 5.4(b-d).

I hereby declare that under the penalty of perjury, and pursuant to Title 28 U.S.C. § 1746, the foregoing is true and correct.

Executed on July 5, 2019.

By: _____
James Price
USM No. 98922004

C1 of 1



RECEIVED
Mail Room

JUL 10 2019

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

