B"H

# UNTIED STATES DISTRICT COURT
# MIDDLE DISTRICT FLORIDA

Case No. 1:18-CV-01339-CRC

JAMES PRICE,

    Plaintiff,

v.

UNITED STATES
DEPARTMENT OF JUSTICE, et al.,

    Defendants.

_____/

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME
## TO FILE REPLY IN SUPPORT OF CROSS-MOTION
## FOR SUMMARY JUDGMENT

**COMES NOW,** James Price ("the Plaintiff"), and files this, his Motion for an Extension of Time to file his Reply in Support of the Cross-Motion for Summary Judgment in this matter. Based on the facts set forth below, the Plaintiff respectfully moves this Court for the Entry of an Order for a thirty (30) day extension of time, from the date of service of the Defendants' Reply and Memorandum in Opposition on Mr. Price, to file his Cross-Reply in this matter.

1



## I.   INTRODUCTION AND BACKGROUND

1.   On January 16, 2020, the Federal Bureau of Prisons ("BOP") removed all prisoner access to word processing equipment at the Federal Correctional Institution Miami ("FCI-MIA") (LOW).

2.   On January 23, 2020, following discussions with the prison administration, Mr. Price initiated the first, of the four (4) Step Administrative Remedy process ("AR process").

3.   Mr. Price is currently appearing pro se, as the plaintiff/defendant/relator/appellant/appellee in eleven (11) matters across three (3) jurisdictions. In addition to the pleadings in this matter, Mr. Price has two Initial Briefs in two separate appeals, pre-trial briefs, interrogatories, and scheduling reports due in other district courts in the next forty-five (45) days. The Plaintiff is not a member of the bar, and labors under significant financial, language, and other practical resource constraints.

4. The Plaintiff is incarcerated.

5. This motion followed.

## II. STATEMENT OF POINTS AND AUTHORITIES

6. The numerous issues before this Court for partial summary judgment are significant in scope. Due to an unexpected and unrelated change in the application of an administrative policy, by an agency not party to this matter, the Appellant's brief and general pleading preparation capabilities were impaired.

7. On January 10, 2020, this Court admonished the parties against further requests for extensions for time. In this instance, the Plaintiff's request for an expansion of time was predicated on the actions of a third-party, non-party to this matter, that impaired Mr. Price's ability to draft, proof, and timely file pleadings generally, including his Reply. Additionally, due to Mr. Price's receipt of service via snailmail, it is unclear when he will actually

receive the DOJ's combined Reply/Memorandum in Opposition upon which to base his Reply in Support of Summary Judgment.

### A. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. As a prisoner in the custody of the Attorney General, the Plaintiff is required to address all matters regarding prison circumstances or occurrences through the agency's Administrative Remedy process. See the Prison Litigation Reform Act ("PLRA") [Title 42 U.S.C. § 1997(e)]; see also *Porter v. Nussle,* 534 U.S. 516, 532 where the court held, "PLRA's exhaustion requirement applies to all inmate suits about prison life." The BOP AR process is governed under Title 28 C.F.R. §§ 541-542.

9. Although Mr. Price began the AR process, the BOP AR process, like many large bureaucratic agency policies, can take months to exhaust, only for the parties to continue in court. Due to the delay necessary for the administrative and judicial review processes to run their course, the Plaintiff has implemented an

alternate means to continue litigation of this and other matters, infra.

### B. "PLAN B" LITIGATION STRATEGY

10. Following the BOP's removal of prisoner access to word processing resources, Mr. Price contacted a commercial entity for assistance. The Plaintiff entered into a contract with Research Assistance, Inc. to translate and computer typeset his handwritten Hebrew/English draft pleadings, digitally sign[1] them, and mail them via Certified U.S. mail to this and other courts. Despite the undue financial burden this has placed on Mr. Price, it preserved his ability to file properly formatted pleadings that are fully compliant with the rules of this Court.

11. Notwithstanding the financial burden, this process necessarily incurs a small delay in the pleading process. As a practical matter, Mr. Price, like all pro se litigants, receives all

---

[1] Mr. Price purchased a Federal Information Processing Standards ("FIPS") compliant commercial digital certificate from Adobe Systems, Inc., using his U.S. Government issued identification card. Mr. Price's digital signature is based on SHA-256, as required by FIPS PUB 186-4, and certified for use by all U.S. Government agencies by NIST and NSA.

"service" by United States Postal Service ("USPS") mail. Under the new process he: (1) handwrites the draft pleading in Hebrew/English; (2) pays $7.75 for Priority USPS mail[2] to mail the draft to Research Assistance; (3) Research Assistance translates and computer typesets[3] the handwritten draft; (4) Research Assistance emails (text only) a final draft via CorrLinks,[4] (5) Mr. Price sends a reply email to Research Assistance with the corrections, revisions, or final approval; (6) Research Assistance creates a secure PDF, applies his FIPS Compliant Digital Signature, prints and notarizes a paper copy, and mails the pleading via Certified U.S. mail to the court.

12. This process permits the Plaintiff to provide this Court and the Defendants the best and most clear presentation of the facts and arguments. This alternative process, however, comes at the cost of time. On average this process requires two (2) to three (3) weeks of additional time, per pleading cycle, to allow for the mail and

---

[2] USPS Priority Mail is the fastest method of mail and the only carrier permitted by FCI-MIA.

[3] Research Assistance uses Microsoft Office 365 to prepare court documents and saves the digital copies in CM/ECF Compliant Searchable PDF Format on the Microsoft Azure Cloud.

[4] CorrLinks is the BOP authorized email system for prisoners.

Case 1:18-cv-01339-CRC   Document 84   Filed 02/28/20   Page 7 of 9

email exchange required to draft, proof, and approve pleadings by mail.

### III. CONCLUSION

**WHEREFORE,** in view of the foregoing points and citations of authority, the Plaintiff respectfully moves this Court for the entry of an order for a thirty (30) day extension of time, form the date he receives service, to file his Reply in Support of Cross Motion for Summary Judgment in this matter.

Dated: February 22, 2020.

Respectfully Submitted,

**James Price** Digitally signed by James Price
Date: 2020.02.22 21:20:44 -05'00'

/s/ James Price
USM No. 98922004
Plaintiff
Federal Correctional Institution
P.O. Box 779800
Miami, Florida 33177-9800
Tel.: 305-259-2268
Fax.: 305-259-2383
Email: PriceJamesE@outlook.com

7

B"H

# CERTIFICATE OF SERVICE

Price v. U.S. Dep't of Justice, et al.

Case No. 1:18-CV-01339-CRC

I, James Price, hereby declare that on this date, February 21, 2020, have served the enclosed:

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE IN SUPPORT OF CROSS-MOTION FOR SUMMAR JUDGMENT**

pursuant to the "Mailbox Rule" for incarcerated persons with the Clerk of Court. All parties noticed for service are served pursuant to D.D.C. LCvR 5.4(b-d).

I hereby declare that under the penalty of perjury, and pursuant to Title 28 U.S.C. § 1746, the foregoing is true and correct.

Executed on February 22, 2020.

By: James Price
Digitally signed by James Price
Date: 2020.02.22 21:23:10 -05'00'

James Price
USM No. 98922004

C1 of 1



RECEIVED
Mail Room

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia



**Research Assist**
Address: P.O. Box 130370
Springfield Gardens, NY 11413
Email: Researchassist@outlook.com
Phone: 305-791-2699



7017 0190 0000 1278 97??

CERTIFIED MAIL

United States District Court for the
District of Columbia
333 Constitutional Ave N.W.
Washington D.C. 20001
Room 1225


1000


20001

U.S. POSTAGE PAID
FCM LG ENV
GARDEN CITY, NY
11599
FEB 24, 20
AMOUNT
$4.95
R2304P118678-59