UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES PRICE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF JUSTICE, *et al.*, )<br>)<br>Defendants. )| Civil Action No. 18-1339 (CRC) |

## DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 7(h), Defendant United States Department of Justice ("DOJ") respectfully submits this Statement of Undisputed Material Facts in support of its Renewed Motion for Summary Judgment. The information herein is based upon the Second Declaration of Monica Potter-Johnson ("Potter 2nd Decl"); Ms. Potter-Johnson's prior declaration ("Potter Decl.")(Dkt. No. 74-3); the Supplemental Declaration of Christina Butler ("Butler Supp. Decl."); Ms. Butler's prior declaration ("Butler Decl.")(Dkt. No. 83-1) and the Declaration of Amanda Marchard Jones ("Jones Decl.")(Dkt. No. 89-1).

**Criminal Division**

1. On July 14, 2020, the Court granted summary judgment to the Criminal Division with respect to the adequacy of its search and its redactions with the exception of redactions made pursuant to FOIA Exemption 2. (Dkt. No. 91)

2. The Criminal Division applied FOIA Exemption 2 to portions of Document No. 5. Butler Supp. Decl. ¶ 7.

3. The Criminal Division addresses the portions of Document No. 5 where FOIA Exemption 2 was applied alone. The other redactions of Document No. 5 where Exemption 2 was applied in conjunction with other FOIA Exemptions were affirmed by the Court on July 14, 2020. Butler Supp. Decl. ¶ 7; Jones Decl. ¶ 33a-f; Dkt. No. 91.

4. The information withheld by the Criminal Division pursuant to FOIA Exemption 2 pertains to internal human resource information. Butler Supp. ¶¶ 8-10; *see also* Criminal Division *Vaughn* Index.

**Office of Justice Program ("OJP")**

5. On July 14, 2020, the Court granted summary judgment to OJP with respect to the adequacy of its search with Respect to Request Nos. 17-00209, 18-00260, and 18-00294. (Dkt. No. 91).

6. The Court ordered OJP to provide additional information with respect to the searches conducted for Request Nos. 18-00059, 18-00156, 18-00157, 18-00136, 18-00150 and 18-00288. *Id.* The Court also ordered OJP to provide additional information with respect to its redactions. *Id.*

Request No. 18-00059

7. On November 8, 2017, OJP acknowledged receipt of Plaintiff's request that sought, among other things, the Internet Crimes Against Children – Task Force ("ICAC-TF") Operations Manual. Potter 2nd Decl. ¶ 5; *see also* Potter Decl. ¶ 5 (Dkt. No. 74-3).

*8.* A search letter was then sent to the Office of Juvenile Justice and Delinquency Prevention ("OJJDP"), which administers the Internet Crimes Against Children ("ICAC") program. Potter Decl. ¶¶ 15-16 (Dkt. No. 74-3).

*9.* OJJDP indicates that no search was conducted because it does not maintain such record and accordingly there would have been no expectation of finding the requested document. Potter 2nd Decl. ¶ 5. The OJJDP program manager, who works on the ICAC program, consulted with OJJDP program manager's supervisor - a subject matter expert who has historical knowledge of the ICAC program, and is the lead for the ICAC programs. The supervisor confirmed that he was not aware of any document titled "ICAC-TF Operations Manual." *Id.* Based on their experience and knowledge in working with the ICAC program, the OJJDP program manager and her supervisor were in a position to determine that there was no reasonable expectation of locating a document that they, as subject matter experts, knew OJJDP does not maintain. *Id.*

Request No. 18-00156

10. On February 15, 2018, OJP acknowledged receipt of Plaintiff's request which that sought information regarding Secure Hash Algorithm version 1 ("SHA-1") values. Potter 2nd Decl. ¶ 8; *see also* Potter Decl. at ¶ 8 (Dkt. No. 74-3).

11. A search letter was then sent to OJJDP. Potter Decl. ¶ 19 (Dkt. No. 74-3).

12. OJP is a grant-making entity, not an operational agency; OJP does not routinely collect case specific details, including SHA-1 values, and does not maintain evidence for local criminal cases.[2] Potter 2nd Decl. ¶ 8.

---

[2] OJP provides federal leadership, grants, training, technical assistance and other resources to improve the nation's capacity to prevent and reduce crime, assist victims and enhance the rule of law by strengthening the criminal and juvenile justice systems. Its six program offices support state and local crime-fighting efforts, fund thousands of victim service programs, help communities manage sex offenders, address the needs of youth in the system and children in danger, and provide vital research and data. https://www.ojp.gov/about

13. The Deputy Associate Administrator of OJJDP confirmed that OJJDP does not collect hash values of any type from anyone or any entity, and accordingly there was no reasonable expectation of finding documents responsive to Request No. 18-00156. Potter 2nd Decl. ¶ 8

Request No. 18-00157

14. On February 15, 2018, OJP acknowledged receipt of Plaintiff's request that sought copies of all case tracking reports for South Florida ICAC Task Force Case No. LC-10-12-141. *See* Ex. D, OJP *Vaughn* Index; *see also* Potter Decl. ¶ 9 (Dkt. No. 74-3).

15. A search letter was then sent to OJJDP. Potter Decl. ¶ 20 (Dkt. No. 74-3).

16. OJJPD explains that case numbers are not a data field in the case tracking reports; case numbers are not issued or maintained by OJJPD. Potter 2nd Decl. ¶ 9. OJJPD explains that it conducted a search by using broader terms, such as "CaseTracker," "Case Tracker," and "Case Tracking Report," and by doing so would have captured the particular case sought by Price if it were in OJJDP's records. *Id.*

17. OJJPD searched and provided the relevant reports for the South Florida ICAC program; OJJPD located 100 pages of records responsive to this request and provided the responsive records to Plaintiff, withholding some information pursuant to FOIA Exemption 6. Potter 2nd Decl.; *see also* Ex. D, OJP *Vaughn* Index.

18. OJJPD withheld third-party names and identifying numbers pursuant to FOIA Exemption 6. *see* Ex. D, OJP *Vaughn* Index

19. Subsequently, records for this request have been reprocessed to reveal information pertaining to Plaintiff. Potter 2nd Decl. ¶ 9, Ex. C.

4

Request No. 18-00136

20. On January 24, 2018, OJP acknowledged receipt of Plaintiff's request seeking a chart of accounts for all of OJP ICAC accounts and the total expenditures of OJP for FY08 – FY17. *See* Ex. D, OJP *Vaughn* Index*; see also* Potter Decl. Dkt. ¶ 6 (Dkt. No. 74-3).

21. A search letter was sent to the Office of the Chief Financial Officer ("OCFO"). Potter Decl. ¶ 17 (Dkt. No. 74-3).

22. OJP explains that an OCFO employee used the recordkeeping system known as Enterprise Information Gateway ("EIG") to identify details associated with the ICAC program. Potter 2nd Decl. ¶ 6. The OCFO employee then used OJP's financial system of records, FMIS2, to manually locate and download the general ledger chart of accounts associated with ICAC. *Id.* The OCFO employee also searched the shared network drive directories for the financial statements for fiscal years 2008 through 2017. *Id.* The OCFO then used the program code "MC"[3] to pull the financial data and "Internet Crimes Against Children" in the project title field for the fiscal years requested. *Id.*

23. OJP located two responsive documents, consisting of 25 pages, which were released in full to Plaintiff. *See* Ex. D, OJP *Vaughn* Index.

Request No. 18-00150

24. On February 8, 2018, OJP acknowledged receipt of Plaintiff's request seeking a copy of the names, titles, organizations, and terms of service for the current and past members of the National Internet Crimes Against Children Data Systems Steering Committee. *See*, Ex. D OJP *Vaughn* Index; *see also* Potter Decl. ¶ 7 (Dkt. No. 74-3).

---

[3] "MC" stands for "missing children" as the ICAC program is supported under the Missing and Exploited Children appropriation included in the Department of Justice fiscal year appropriation. Potter 2nd Decl. ¶ 6.

25. A search letter was sent to OJJDP; an initial search located no responsive records. Potter Decl. ¶¶ 18, 26 (Dkt. No. 74-3).

26. OJJDP's Deputy Administrator, a subject matter expert on the ICAC program, searched his emails, the network drive and paper records. Potter 2nd Decl. ¶ 7. The search terms used were: "National Internet Crimes Against Children Data System," "Internet Crimes Against Children Data System," "NIDS," and "Hakes." *Id.* OJP explains that the term "Hakes" was used because Francey Hakes was formerly the National Coordinator for Child Exploitation Prevention and Interdiction with the Office of the Deputy Attorney General. *Id.*

27. Subsequently, an additional search was conducted of an archived email folder belonging to a former OJJDP employee and located one responsive email with an attachment that is being released to Plaintiff with some information redacted pursuant to FOIA Exemptions 6 and 7(C). Potter 2nd Decl. ¶ 7, Ex. B.

Request No. 18-00288

28. On June 5, 2018, OJP acknowledged receipt of Plaintiff's request that sought copies of "Memorandum of Understanding" ("MOU") executed between OJJDP and various state and federal agencies, and copies of the "Operational and Investigative Standards" of the National ICAC Task Force Program. *See* Ex. D, OJP *Vaughn* Index; *see also* Potter Decl. ¶ 11 (Dkt. No. 74-3).

29. A search letter was sent to OJJDP. Potter Decl. ¶ 22 (Dkt. No. 74-3).

30. OJP explains that the OJJDP subject matter expert stated that OJJDP does not enter into MOUs with state and federal agencies with respect to ICAC work and accordingly there is no reasonable expectation of locating such records. Potter 2nd Decl. ¶ 10.

31. OJJDP located 17 pages of records responsive to the portion of the request seeking "Operational and Investigative Standards" of the National ICAC Task Force Program. See OJP Vaughn Index. Those records were released in part to Plaintiff withholding some information pursuant to FOIA Exemption 7(E). *See* Ex. D, OJP *Vaughn* Index; *see also* Potter Decl. ¶ 31 (Dkt. No. 74-3).

32. The Criminal Division and OJP processed and released all reasonably segregable information from the records responsive to Plaintiff's FOIA requests. Potter 2nd Decl. ¶ 12; Butler Supp. Decl. ¶ 11.

Dated: October 21, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

Daniel F. Van Horn
Chief, Civil Division
D.C. Bar #924092

By: /s/ *Kathleene Molen*
KATHLEENE MOLEN
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: (202) 803-1572
Kathleene.Molen@usdoj.gov

*Counsel for Defendants*