UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES PRICE**, <br>       Plaintiff, <br> v. <br><br> **UNITED STATES DEPARTMENT OF JUSTICE**, *et al.* <br><br>       Defendants. | Case No. 18-cv-1339 (CRC) |

### SECOND DECLARATION OF MONICA POTTER-JOHNSON

I, Monica Potter-Johnson, declare the following to be true and correct:

1. I am the Government Information Specialist responsible for processing Freedom of Information Act ("FOIA") requests for the Office of Justice Programs ("OJP") at the United States Department of Justice ("DOJ"). I am responsible for processing and responding to FOIA requests seeking records from within the OJP in accordance with the mandates and exemptions of the FOIA. I coordinate the search for documents with OJP bureaus and offices and determine whether records are responsive to FOIA requests and, if so, whether they can be released in accordance with the FOIA. I communicate with requesters, and prepare the responses to the FOIA requests that are referred to OJP by other DOJ components and other federal agencies, and requests that are submitted directly to OJP.

2. In general terms, FOIA requests are handled as follows: I review all incoming FOIA requests, determine which OJP bureau(s) or office(s) may maintain responsive documents, and communicate with those bureau(s) or office(s) to obtain

responsive documents. I then review the documents or information provided for responsiveness, apply any relevant FOIA exemptions, and prepare a response to the requester(s). In my capacity as the Government Information Specialist, I am a member of the staff of OJP's Office of the General Counsel ("OGC"). In handling a particular request, I may consult with attorneys within OGC. In some instances, OGC attorneys review documents provided by an OJP bureau or office. OGC attorneys may also review responsive letters.

      3.      I am familiar with OJP's handling of the multiple FOIA requests submitted by James Price to OJP. This Second Declaration is submitted in response to the Court Order dated July 14, 2020, and provides additional information regarding the searches for the OJP requests, and supplements and incorporates my declaration of September 2019 (ECF No. 74-3).

      4.      Because Mr. Price did not include a Certification of Identity (DOJ Form 361) with his Request No. 17-00209, information regarding Mr. Price was redacted from the original production. Records for this request have been reprocessed to reveal information concerning Mr. Price and are attached as Exhibit A.

      5.      For Request No. 18-00059 (which sought, among other things, the Internet Crimes Against Children – Task Force ("ICAC-TF") Operations Manual), OJJDP staff explained that the program manager who works on the ICAC Program was not aware of any document titled "ICAC-TF Operations Manual." The OJJDP program manager who worked on the ICAC program checked and confirmed with her immediate supervisor (who is also a subject matter expert, has historical knowledge of the ICAC program, and the lead for the ICAC programs), who confirmed he was not aware of any document titled "ICAC-TF

Operations Manual." As subject matter experts, the OJJDP program manager and her supervisor had knowledge that the requested document was not maintained by OJJDP and that there would have been no expectation of finding the requested document. Because of their experience and knowledge in working with the ICAC program, the OJJDP program manager and her supervisor understood that there was no reasonable expectation of locating a document that they, as subject matter experts, knew OJJDP does not maintain.

6. The search for Request No. 18-00136 was conducted in the following manner: because this request sought financial information, this request was forwarded to the Office of the Chief Financial Officer (OCFO). An OCFO employee used the recordkeeping system known as the Enterprise Information Gateway (EIG) in order to identify details associated with the ICAC program. This OCFO employee then used the OJP financial system of record, FMIS2, to manually locate and download the general ledger chart of accounts associated with ICAC. The OCFO employee additionally navigated the shared network drive directories to obtain the financial statements for fiscal years 2008 to 2017. The OCFO employee used the program code "MC" to pull the financial data ("MC" stands for missing children because the ICAC program is supported under the Missing and Exploited Children appropriation included in the Department of Justice fiscal year appropriation) and "Internet Crimes Against Children" in the project title field for the years in question.

7. For Request No. 18-00150, an OJJDP Deputy Administrator (who is a subject matter expert on the ICAC program) searched his emails, the network drive for OJJDP, and paper records. These locations were selected because they are understood to contain all of the historical information maintained by OJJDP relevant to Price's Request No. 18-00150. The search terms used included National Internet Crimes

Against Children Data System; Internet Crimes Against Children Data System; NIDS; and Hakes. The term "Hakes" was used because the national anti-child exploitation effort was led by Francey Hakes, who was formerly the National Coordinator for Child Exploitation Prevention and Interdiction with the Office of the Deputy Attorney General. OJJDP conducted an additional search on September 21 and 22, 2020, of an archived email folder entitled "KDS" (an initialism for a former OJJDP supervisor who worked on the ICAC program). This archived email folder was discovered while OJJDP was reconstructing the history of its search methodology for Request No. 18-00150. The new search of the "KDS" folder (using the same search terms as the earlier search conducted for Request 18-00150) located an additional email with an attachment that was not previously provided to the FOIA office. This additional email with an attachment has been processed in accordance with FOIA statutory provisions and is attached herein as Exhibit B. This supplemental release contains redactions withholding the names of state law enforcement personnel pursuant to FOIA Exemptions 6 and 7(C) and withholding the names of federal employees pursuant to FOIA Exemption 6. These individuals have a privacy interest in having their names withheld to avoid retaliation or harassment and there is no public interest in the disclosure of these names as the information would not shed light on the agency's activities.

8.    As to Request No. 18-00156, OJJDP does not collect the information sought by Price – information regarding Secure Hash Algorithm version 1 ("SHA-1") values. The subject matter expert who works on the ICAC program for OJJDP informed the OJP FOIA office that OJJDP does not collect hash values of any type from anyone or any entity and there was no reasonable expectation of finding documents responsive to

Request No. 18-00156.

9. For Request No. 18-00157, the case number was not searched because the case number is not a data field in the case tracking reports and not a number issued or maintained by OJJDP. OJJDP collects specific data points for grant recipients and task force case numbers are not among those data points. The fields of information collected by the ICAC program in the case tracking reports include the following fields: "Record Number," "Referral Date," "Referring Agency," "Agency Type," "Repeat Referral," "Jurisdiction's Unique Identifier," "Juvenile or Adult," "Prosecuting Agency," "Action," "Felony," "Offense Charged," and "Multiple Felony." OJJDP searched and provided the relevant reports for the South Florida ICAC program sought under Request No. 18-00157. OJJDP did not use the case number as a search term, but instead OJJDP used a broader search for tracking reports (using the search terms CaseTracker, Case Tracker, and Case Tracking Report), which would have captured the particular case sought by Price if it were in OJJDP's records. Case numbers are not data fields collected by OJJDP. The case number is assigned by the relevant local ICAC Task Force, not OJJDP, and there was no reasonable expectation that searching for a case number, which was not created or collected by OJJDP, would yield responsive records. In addition, because Mr. Price did not include a Certification of Identity (DOJ Form 361) with his Request No. 18-00157, information regarding Mr. Price was redacted from the original production. Records for this request have been reprocessed to reveal information concerning Mr. Price and are attached as Exhibit C.

10. Regarding Request No. 18-00288, OJJDP does not enter into memorandum of understanding agreements with agencies for ICAC work. Mr. Price's request sought copies of a memorandum of understanding agreement allegedly executed between

OJJDP and five Florida-based law enforcement agencies, the FBI, and two Florida-based U.S. Attorney Offices. OJJDP's subject matter expert on the ICAC program informed the OJP FOIA office that OJJDP does not execute such agreements with law enforcement agencies for ICAC work and there was no reasonable expectation of locating such a document. Request No. 18-00288 also sought a document outlining the "Operational and Investigative Standards" of the ICAC program, which was processed and produced to Mr. Price.

11. Attached to this declaration is a *Vaughn* Index containing a description of OJP's redactions. This *Vaughn* Index includes the following information for each request (where applicable): Document description, Number of Pages, Exemption(s) applied; and Rationale for Exemption(s). (Exhibit D).

12. In reviewing the records and making release-or-withhold determinations as to records, pages of records, and parts of records, I segregated for release and released all material that was reasonably segregable from material that was subject to a FOIA Exemption.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 20th day of October, 2020.

*Monica Potter-Johnson*
Monica Potter-Johnson