# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES PRICE, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Civil Action No. 18-cv-1339 (CRC) |
| | ) |
| | ) |
| UNITED STATES DEPARTMENT | |
| OF JUSTICE, <u>et al.</u>, | ) |
| | ) |
|     **Defendants.** | ) |

# **ORDER**

This matter is before the Court on the Defendants' Renewed Motion for Summary Judgment as to the Freedom of Information Act Claims ("FOIA"), ECF No. 98, and Defendants' Motion for Summary Judgment as to the Administrative Procedures Act ("APA") and Federal Records Act ("FRA") Claims, ECF No. 103.

In <u>Fox v. Strickland</u>, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a <u>pro se</u> party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." <u>Id</u>. at 509. In addition, the Court's Local Rules concerning dispositive motions state: "[w]ithin 14 days of the date of service or as such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded." Local Civil Rule 7(b). Furthermore, "when a [party] files an opposition to a dispositive motion and addresses only certain arguments raised by the [movant], a court may treat those arguments that the [party] failed to address as conceded." <u>Hopkins v. Women's Div., General Bd. of Global Ministries</u>, 284 F.Supp.2d 15, 25 (D.D.C. 2003), <u>aff'd</u>, 98

Fed. Appx. 8 (D.C. Cir. 2004) (citing FDIC v. Bender, 127 F.3d 58, 67–8 (D.C. Cir. 1997) (other citation omitted)).

Plaintiff is advised that on a motion for summary judgment, "any factual assertion in the movant's affidavits will be accepted . . . as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." Neal v. Kelly, 963 F. 2d 453, 456 (D.C. Cir. 1992) (quoting Lewis v. Faulkner, 689 F. 2d 100, 102 (7th Cir. 1982)). Rule 56 of the Federal Rules of Civil Procedure provides:

> (c) Procedures.
>     (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>         (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>         (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>     (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>     (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>     (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
>
> . . . .
>
> (e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>     (1) give an opportunity to properly support or address the fact;
>     (2) consider the fact undisputed for purposes of the motion;
>     (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or
>     (4) issue any other appropriate order.

Thus, parties such as Plaintiff, who are on the opposing side of motions for summary judgment, must rebut the moving party's affidavits with evidence, such as other affidavits or sworn statements; mere statements that the moving party's affidavits are inaccurate or incorrect are not sufficient. For these purposes, a verified complaint may serve as an affidavit. See Neal, 963 F. 2d at 457–58.

Accordingly, it is hereby

**ORDERED** that, in accordance with the Court's standing Briefing Order, *see* 11/18/20 Min. Ord.,

- Plaintiff shall file an Opposition to Defendants' Motion for Summary Judgment as to the FOIA Claims, ECF No. 98, and to Defendants' Motion for Summary Judgment as to the APA and FRA Claims, ECF No. 103, by January 11, 2021;
- Plaintiff shall also file any Cross-Motion for Summary Judgment by January 11, 2021;
- Defendants shall file their Combined Opposition and Reply by February 1, 2021;
- Plaintiff shall file a Reply by February 22, 2021, and it is further

**ORDERED** that if Plaintiff does not file an Opposition by the deadline provided, the Court may rule on the Motions without the benefit of Plaintiff's position, may treat Defendants' asserted facts as admitted and, if warranted, either grant the Motions and/or enter judgment in Defendants' favor.

**SO ORDERED.**

CHRISTOPHER R. COOPER
DATE: 12/24/2020                             United States District Judge