UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-1339 (CRC) |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF PAUL GRANVILLE

I, PAUL GRANVILLE, declare the following to be true and correct:

1. I am the Special Investigative Services (SIS) Lieutenant at the Federal Correctional Institution (FCI) in Miami, Florida. I have been the SIS Lieutenant at FCI-Miami since January 11, 2021, and I have been employed with the Federal Bureau of Prisons (BOP) since March 4, 2007. I am familiar with inmate James Price, Federal Register Number 98922-004, and am aware of certain non-privileged written (e-mail) communications between him and a family member. I also am aware of the computer software to which inmate Price has access as a BOP inmate incarcerated at FCI-Miami.

2. The SIS department is responsible for routine and targeted monitoring of inmate communications with the public. Program Statement 1380.11, CN-1, dated November 30, 2016, Chapter 3, paragraphs 1 and 2, state in pertinent part: "Responsibility for monitoring inmates'

automated activities (financial, telephone, correspondence) rests with the intelligence Section. In the institution, the SIS office assumes operational responsibility. . . . Monitoring inmate communications is given the highest priority at all institutions." In addition to standard monitoring, there is a program called required monitoring, which directs SIS staff to monitor 100% of a particular inmate's communication. Many of the inmates in the program have a victim out in the public. Sex offenders, in many cases, are placed on required monitoring. Inmate Price is on the required monitoring program because he is a sex offender.

3. As part of a review of certain emails, I discovered on at least two separate occasions where inmate Price communicates with his wife and acknowledges her assistance with drafting, signing, and sending legal documents on his behalf. The email communications involve inmate Price asking his wife to add or delete different phrases or sections from motions and briefing schedules, sending the motions and briefings overnight to Washington, D.C., and using his digital signature to acquire medical records. Her email addresses are "ResearchAssist@outlook.com, sherry_price@outlook.com . . .," and it is clear from the email communications that inmate Price is getting her to file legal documents on his behalf while representing himself as a pro se inmate with a return address of FCI-Miami.

4. It is also impossible that inmate Price could have signed any of these documents digitally, as BOP inmate-specific computers used for legal research and writing are not equipped with Adobe or any other program that allows for electronic signature. No BOP inmate is permitted to have a Microsoft Outlook email address, so the email address identified in the

signature block does not belong to inmate Price as a BOP inmate. It does, however, appear to belong to—or is at least managed by—inmate Price's wife.

5.    Inmates have the ability—whether in general population, quarantine, or in the Special Housing Unit—to work on legal matters and correspond with attorneys or, if pro se, to correspond directly with the federal courts on legal matters. Inmates have access to legal research materials and computers to conduct legal research and draft legal documents. In fact, inmate Price has logged 213 minutes of law library computer time between December 1, 2020 and March 9, 2021, and he has logged a total of 1,909 minutes from January 1, 2020 to March 9, 2021. Through reviewing the usage report of inmate Price, it is clear that he has access to a computer terminal on a regular basis.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __10__ day of March, 2021

*[signature]*

**Paul Granville**
*SIS Lieutenant*
Federal Correctional Institution – Miami, FL

3